Margaret A. SANDERS, Appellant

v.

**AMERICAN PROTECTION INSURANCE COMPANY,** Appellee.

No. 05–07–01394–CV.

Court of Appeals of Texas, Dallas.

Aug. 5, 2008.

 

Kay E. Goggin, Law Offices of Kay E. Goggin, Dallas, Bradley Dean McClellan, Rodriguez & Craddock, Austin, TX, for Appellant.

Timothy K. Singley, Vaughan E. Waters, Thornton, Biechlin, Segrato, Reynolds & Guerra LC, San Antonio, TX, for Appellee.

Before Justices WRIGHT, BRIDGES, and MAZZANT.

## OPINION

Opinion by Justice WRIGHT.

Margaret A. Sanders brings this interlocutory appeal challenging the denial of her motion for partial summary judgment and the grant of partial summary judgment in favor of American Protection Insurance Company (API). *See* TEX. CIV. PRAC. & REM.CODE § 51.014(d) (Vernon Supp.2007) (district court may issue written order for otherwise unappealable interlocutory appeal under certain circumstances). In a single issue, Sanders contends the trial court erred by determining API did not waive its right to contest her injury under section 409.021(c) of the Texas Labor Code. For the following reasons, we sustain Sanders's sole issue, reverse the trial court's order granting API's motion for partial summary judgment, and render judgment granting Sanders's motion for partial summary judgment.

## Background

Sanders, a production line employee of Johnson & Johnson, sustained a compensable repetitive trauma injury on December 10, 2000. A short time later, she filed a claim with the Texas Worker's Compensation Commission (TWCC). API, Johnson & Johnson's worker's compensation insurance carrier, did not dispute her claim and began paying income benefits. Over two years later, API disputed a portion of Sanders's injury, claiming her neck problems were "a disease of life" and were not related to her repetitive motion injury. Following a hearing, the TWCC hearing officer determined API could have discovered Sanders's neck injury was not work related if it had conducted a reasonable investigation during the first sixty days following its receipt of Sanders's notice of injury. Thus, the officer concluded API waived its right to dispute the claimed injury by not contesting it within sixty days of receiving notice. The TWCC appeals panel affirmed the decision of the hearing officer.

Thereafter, API brought suit in district court to set aside the judgment of the appeals panel. API filed a motion for summary judgment alleging it did not waive its right to contest Sanders's claim under section 409.021 of the labor code, because pursuant to section 124.3 of the administrative code, section 409.021 does not apply to "extent-of-injury" disputes. In response, Sanders filed her cross-motion for summary judgment alleging API waived its right to contest the injury by not doing so within sixty days as provided by section 409.021. Neither Sanders nor API brought forward the record from the administrative proceedings. Rather, both parties relied on, among other things, the facts contained in the TWCC decision and order as summary judgment evidence. Af-

ter considering these facts, the trial court granted API's motion and denied Sanders's motion. This interlocutory appeal on the sole issue of whether section 409.021 of the labor code precludes API's dispute of Sanders's cervical injury followed.

## Standard of Review

The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a material fact issue exists, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* When both parties move for summary judgment, each bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). We review the summary judgment evidence presented by both parties and determine all questions presented. *Id.* We render the judgment that the trial court should have rendered, or remand if neither party has met its summary judgment burden. *Id.*

## Discussion

■ In her sole issue, Sanders contends API cannot dispute her neck injury because API failed to do so within the sixty-day period as provided by section 409.021. Relying on *TIG Premier Insurance Co. v. Pemberton*, 127 S.W.3d 270 (Tex.App.-Waco 2003, pet. denied), API asserts section 409.021 does not preclude its dispute of Sanders's neck injury because it is an extent-of-injury issue and thus not subject to section 409.021. *See id.* at 273–76.

■ Because we must interpret section 409.021 of the labor code in conjunction with section 124.3 of the administrative code, we begin by reviewing the relevant principles of statutory construction. The goal of statutory construction is to give effect to legislative intent. *Cont'l Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex.2002). We construe administrative rules, which have the same force as statutes, in the same manner as statutes. *Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex.1999). Unless the statute or rule is ambiguous, we follow its clear language. *Downs*, 81 S.W.3d at 805; *Rodriguez*, 997 S.W.2d at 254. An administrative agency's construction or interpretation of a statute which the agency is charged with enforcing is entitled to serious consideration by reviewing courts, so long as that construction is reasonable and does not contradict the plain language of the statute. *Zurich Am. Ins. Co. v. Gill*, 173 S.W.3d 878, 881–82 (Tex.App.-Fort Worth 2005, pet. denied). Additionally, we must defer to the TWCC's interpretation of its own rules, as long as its interpretation is reasonable. *See Pub. Util. Comm'n v. Gulf States Util. Co.*, 809 S.W.2d 201, 207 (Tex.1991).

At the time API received notification of Sanders's injury, the labor code provided that an insurance carrier had seven days to either begin payment of benefits or state in writing its refusal to pay. *See* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1195–96 (amended 2003) (current version at TEX. LAB.CODE § 409.021 (Vernon 2006)). If the carrier complied with subsection (a), the carrier had sixty days from the notice of the claim to investigate and contest the injury. *Downs*, 81 S.W.3d at 806. If the

carrier did not comply with subsection (a), the carrier failed to trigger the sixty-day period to investigate or deny compensability. *Id.* The carrier could reopen the issue of compensability of an injury only if it discovered evidence that could not have reasonably been discovered earlier. *See* Act of May 12, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1195–96.[1]

■ The Texas Administrative Code provides that section 409.021 does not apply to disputes about the extent of an injury. 28 TEX. ADMIN. CODE § 124.3(e). Section 124.3(e) further provides that if a carrier receives a medical bill that involves treatment or service that the carrier believes is not related to the compensable injury, the carrier must file a notice of dispute of extent of injury not later than the earlier of the date the carrier denied the medical bill or the due date for the carrier to pay or deny the medical bill. *Id.* Thus, section 124.3 contemplates a situation where, after the initial injury and expiration of the sixty-day period, a new dispute arises with regard to a body part, system, injury, condition, or symptom. *State Office of Risk Mgmt. v. Lawton*, 256 S.W.3d 436, 440 (Tex.App.-Waco, 2008, no pet. h.) (citing 25 TEX. REG. 2096, 2012, and *Pemberton*, 127 S.W.3d at 271.). In such a situation, no waiver occurs under section 124.3. *Lawton*, 256 S.W.3d at 441.

■ However, when, as here, the carrier is on notice of an injury within the initial sixty-day period of investigation, section 124.3 does not apply and the issue of compensability may not be reopened absent newly discovered evidence. *See id.;* Appeals Panel No. 041738–s, 2004 WL 2347601, *2 (Tex. Worker's Comp. Comm'n Sept. 8, 2004) (injury that becomes compensable by virtue of waiver under section 409.021 is defined by information that could have been reasonably discovered in carrier's investigation prior to expiration of waiver period). This interpretation of rule 124.3 is reasonable, does not contradict the plain language of the statute, and gives effect to the legislature's goal of providing employees with a prompt streamlined process to handle worker's compensation claims. *See Lawton*, 256 S.W.3d at 441 (purpose of chapter 409 is to provide streamlined process for worker's compensation claims to promote "prompt responses" to claims, "avoid early attorney involvement," and prevent delays that would result in "hardship upon the employee") (quoting *Downs*, 81 S.W.3d at 806). Thus, we defer to the TWCC's interpretation of this rule.

The summary judgment evidence in this case shows Sanders filed her notice of injury claiming she sustained a repetitive trauma injury "including bilateral carpal tunnel syndrome, bilateral cubital syndrome, shoulders and neck." Prior to the end of the sixty-day period to dispute her injury, Dr. Melissa Dingle, D.C., diagnosed Sanders as having "bilateral carpal tunnel syndrome, concurrent radicular symptoms radiating from the cervical spine region into the bilateral shoulders and down the bilateral upper extremities and pain over the ulnar aspect of the right and left elbow region." Additionally, the EMG/nerve conduction study showed a C7 radiculopathy. Although API was on notice of Sanders's neck injuries, it did not dispute her injury. As a result, Sanders's injuries, including her neck injury, became compensable by virtue of waiver under section

1. Currently, section 409.021 allows the insurance carrier fifteen days to pay or refuse to pay. *See* TEX. LAB.CODE ANN. § 409.021 (Vernon 2006). Failure to do so is an administrative violation, but does not waive the carrier's right to contest compensability on or before the 60th day after the date of notification. *Id.*

409.021.  *See* Appeals Panel No. 041738–s, at *2. Under these circumstances, section 124.3(e) of the administrative code does not apply, and API has waived its right to reopen the issue of compensability of Sanders's injury absent newly discovered evidence.  *See Lawton,* 256 S.W.3d at 441; Appeals Panel No. 041738–s, at *2. We sustain Sanders's sole issue.

Accordingly, we reverse the trial court's order granting API's partial summary judgment and denying Sanders's motion for partial summary judgment, and render judgment granting Sanders's motion for partial summary judgment on the issue of waiver.  We remand to the trial court for further proceedings consistent with this opinion.