**FEDERAL INSURANCE COMPANY,
Appellant,**

v.

**Carol RUIZ, Appellee.**

**No. 05–08–00529–CV.**

Court of Appeals of Texas,
Dallas.

Feb. 19, 2009.

Don Rynn Freiling, Irving, for appellant.

Leslie Casaubon, The Casaubon Firm, L.L.P., Lewisville, for appellee.

Before Justices BRIDGES, RICHTER, and MAZZANT.

**OPINION**

Opinion by Justice MAZZANT.

In this worker's compensation case, Federal Insurance Company appeals the

summary judgment in favor of Carol Ruiz on Federal's suit to overturn the decision of the Division of Worker's Compensation Administrative Appeals Panel in favor of Ruiz. Federal brings two issues on appeal, asserting the trial court erred in granting Ruiz's motion for summary judgment on the ground that Federal waived its right to dispute the extent of Ruiz's compensable injury by not timely urging that dispute in accordance with section 409.021(c) of the Texas Labor Code. We affirm the trial court's judgment.

## BACKGROUND

Ruiz worked as a secretary for her employer, performing clerical work, typing, and some heavy lifting. On January 24, 2005, Ruiz sustained an injury in the course and scope of her employment. On January 31, 2005, Ruiz described her symptoms to her chiropractor as pain in the neck, the front of the left wrist, and the top of the right shoulder; numbness in the left palm; headaches; and loss of sleep.

Federal was the worker's compensation carrier for Ruiz's employer. On February 10, 2005, Ruiz's employer sent Federal a report of Ruiz's injury. The report stated that Ruiz "states that she has pain in left wrist, right shoulder and neck due to repetitive typing and heavy lifting." The report stated the cause of Ruiz's injury was "repetitive typing and heavy lifting." On February 17, 2005, Dr. Jose Marquez examined Ruiz and stated in a written report that "Bilateral carpal tunnel syndromes are highly indicative of this examination." On March 31, 2005, Dr. Frank Morrison examined Ruiz, including electromyographic testing, and reported, "These electromyographic findings are consistent with: 1. *CARPAL TUNNEL SYNDROME,* bilateral, chronic, moderate to severe (right) and severe (left)." On May 23, 2005, Federal notified Ruiz it accepted Ruiz's claim for the right shoulder strain, cervical strain, and left wrist strain but disputed other parts of Ruiz's claim, including bilateral carpal tunnel syndrome.[1]

The case proceeded to a contested case hearing on two issues: (1) whether Ruiz's January 24, 2005 compensable injury included bilateral carpal tunnel syndrome and (2) whether Federal waived the right to dispute the compensability of bilateral carpal tunnel syndrome pursuant to sections 409.021 and .022 of the Texas Labor Code.[2]

Under the Texas Worker's Compensation Act, an employee injured in the course and scope of his occupation must notify the employer within thirty days of the injury. TEX. LAB.CODE ANN. § 409.001(a)(1) (Vernon 2006). The employer must report the injury to the carrier if the injury results in the employee being absent for more than one day. *Id.* § 409.005. Within fifteen days of receiving notice of the claim, the carrier must begin payment of benefits or notify the employee of its refusal to pay.

---

1. In a separate proceeding, Federal asserted Ruiz's injury did not include cervical radiculopathy, C4–C5 disc protrusion, C3–C4 disc bulge, left wrist fibrocartilage tear, and left cubital tunnel syndrome. *See Fed. Ins. Co. v. Ruiz,* No. 05–08–00587–CV, 2009 WL 400644 (Tex.App.-Dallas February 19, 2009, no pet. h.) (mem.op.). The issues and arguments in that case are essentially identical to this case.

2. The statement of the issues in the hearing officer's opinion cites "Texas Labor Code Section 408.021 and Section 408.022." Neither provision is concerned with a carrier's waiver of the right to contest the compensability of an injury. *See* TEX. LAB.CODE ANN. §§ 408.021, .022 (Vernon 2006). In the conclusions of law, the hearing officer correctly cited to "Texas Labor Code Sections 409.021 and 409.022."

*Id.* § 409.021(a).[3] The carrier has sixty days from the date of notice of the injury to contest the compensability of an injury. *Id.* § 409.021(c). If the carrier does not contest compensability within the sixty-day period, it waives its right to contest compensability. *Id.* This sixty-day waiver rule, however, does not apply to disputes of extent of injury. 28 Tex. Admin. Code § 124.3(e) (2004).[4]

3. Section 409.021 provides, as relevant in this case,

> (a) An insurance carrier shall initiate compensation under this subtitle promptly. Not later than the 15th day after the date on which an insurance carrier receives written notice of an injury, the insurance carrier shall:
> (1) begin the payment of benefits as required by this subtitle; or
> (2) notify the division and the employee in writing of its refusal to pay and advise the employee of:
> (A) the right to request a benefit review conference; and
> (B) the means to obtain additional information from the division.
> (a–1) An insurance carrier that fails to comply with Subsection (a) does not waive the carrier's right to contest the compensability of the injury as provided by Subsection (c) but commits an administrative violation subject to Subsection (e).
> (a–2) An insurance carrier is not required to comply with Subsection (a) if the insurance carrier has accepted the claim as a compensable injury and income or death benefits have not yet accrued but will be paid by the insurance carrier when the benefits accrue and are due.
> (b) An insurance carrier shall notify the division in writing of the initiation of income or death benefit payments in the manner prescribed by commissioner rules.
> (c) If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability. The initiation of payments by an insurance carrier does not affect the right of the insurance carrier to continue to investigate or deny the compensability of an injury during the 60–day period.
> (d) An insurance carrier may reopen the issue of the compensability of an injury if there is a finding of evidence that could not reasonably have been discovered earlier.
> Tex. Lab.Code Ann § 409.021(a)-(d).

4. 28 Tex. Admin. Code § 124.3 provides, as relevant in this case,

> (a) Except as provided in subsection (b) of this section, upon receipt of written notice of injury as provided in § 124.1 of this title (relating to Notice of Injury) the carrier shall conduct an investigation relating to the compensability of the injury, the carrier's liability for the injury, and the accrual of benefits. If the carrier believes that it is not liable for the injury or that the injury was not compensable, the carrier shall file the notice of denial of a claim (notice of denial) in the form and manner required by § 124.2 of this title (relating to Carrier Reporting and Notification Requirements).
> (1) If the carrier does not file a notice of denial by the 15th day after receipt of the written notice of injury, the carrier is liable for any benefits that accrue and shall initiate benefits in accordance with this section.
> (2) If the carrier files a notice of denial after the 15th day but on or before the 60th day after receipt of written notice of the injury:
> (A) The insurance carrier is liable for and shall pay all income benefits that had accrued and were payable prior to the date the carrier filed the notice of denial and only then is it permitted to suspend payment of benefits; and
> (B) The insurance carrier is liable for and shall pay for all medical services, in accordance with the Act and rules, provided prior to the filing of the notice of denial.
> (3) The carrier shall not file notice with the commission that benefits will be paid as and when they accrue. A carrier's failure to file a notice of denial of a claim by the 15th day after it receives written notice of an injury constitutes the carrier's acceptance of the claim as a compensable injury, subject to the carrier's ability to contest compensability on or before the 60th day after receipt of written notice of the injury.
> * * *
> (b) Except as provided by subsection (c), the carrier waives the right to contest com-

In this case, the hearing officer acknowledged that under Appeals Panel Decision No. 041738-s, the injury that becomes compensable by waiver is defined by "that information that could have been reasonably discovered in the carrier's investigation prior to the expiration of the waiver period." *See* Appeals Panel Decision No. 041738-s, 2004 WL 2347601 (Tex. Work. Comp. Comm'n Sept. 8, 2004). The hearing officer stated that Federal "could have reasonably discovered the electrodiagnostic studies done on February 17, 2005 and March 31, 2005, both of which showed bilateral [carpal tunnel syndrome] within the waiver period." However, the hearing officer also stated there was no allegation during the waiver period that the compensable injury included bilateral carpal tunnel syndrome. Under its findings of fact and conclusions of law, the hearing officer found that Federal, "through a reasonable investigation, could not have determined within 60 days following February 16, 2005 that carpal tunnel syndrome was part of the claimed injury." The hearing officer then concluded that Federal did not waive its right to contest compensability of bilateral carpal tunnel syndrome under sections 409.021, and the hearing officer concluded that the compensable injury did not include bilateral carpal tunnel syndrome on either side.

Ruiz appealed to an appeals panel the hearing officer's decision on the waiver issue but not the extent-of-injury issue. The appeals panel held that the hearing officer's finding that Federal could not have determined during the sixty-day period that carpal tunnel syndrome was part of the claimed injury was against the great weight and preponderance of the evidence. The appeals panel stated that an allegation linking the medical condition to the compensable injury is not necessary when the employee had been diagnosed previously with the condition, the employee's complaints during the waiver period were consistent with the medical condition, and the employee was diagnosed with the medical condition during the waiver period. The appeals panel observed that Ruiz had not been previously diagnosed with bilateral carpal tunnel syndrome, she consistently complained during the sixty-day period of

pensability of or liability for the injury, if it does not contest compensability on or before the 60th day after the date on which the insurance carrier receives written notice of the injury.

(c) If the carrier wants to deny compensability of or liability for the injury after the 60th day after it received written notice of the injury:

(1) the carrier must establish that it is basing its denial on evidence that could not have reasonably been discovered earlier; and

(2) the carrier is liable for and shall pay all benefits that were payable prior to and after filing the notice of denial until the Commission has made a finding that the evidence could not have been reasonably discovered earlier.

(d) If the claim involves the death of an injured employee, investigations, denials of compensability or liability, and disputes of the eligibility of a potential beneficiary to receive death benefits are governed by § 132.17 of this title (relating to Denial, Dispute, and Payment of Death Benefits).

(e) Texas Labor Code, § 409.021 and subsection (a) of this section do not apply to disputes of extent of injury. If a carrier receives a medical bill that involves treatment(s) or service(s) that the carrier believes is not related to the compensable injury, the carrier shall file a notice of dispute of extent of injury (notice of dispute). The notice of dispute shall be filed in accordance with § 124.2 of this title (relating to Carrier Reporting and Notification Requirements) and be filed not later than the earlier of:

(1) the date the carrier denied the medical bill; or

(2) the due date for the carrier to pay or deny the medical bill as provided in Chapter 133 of this title (relating to General Medical Provisions).

28 Tex. Admin. Code § 124.3(a)-(e).

left wrist pain, pain radiating down her right arm, tingling and numbness in her fingers and hands, and there was a diagnosis of bilateral carpal tunnel syndrome during the sixty-day period. The appeals panel rendered a decision that Federal waived the right to contest compensability of bilateral carpal tunnel syndrome by failing to contest in a timely manner the compensability of the injury in accordance with sections 409.021 of the Texas Labor Code. Thus, the appeals panel ruled, the bilateral carpal tunnel syndrome became compensable as a matter of law by waiver.

Federal brought suit in district court to contest the appeals panel's decision. Federal and Ruiz filed cross motions for summary judgment. The trial court granted Ruiz's motion and denied Federal's. The court affirmed the appeals panel's decision and awarded Ruiz her costs and attorney's fees. Federal now appeals the trial court's decision.

### STANDARD OF REVIEW

To prevail on a summary judgment motion brought under Texas Rule of Civil Procedure 166a(c), a movant must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex.2004); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a material fact issue exists, we consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the movant. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex.2007). If the movant establishes a right to summary judgment, the burden shifts to the nonmovant to raise a genuine issue of material fact in order to defeat summary judgment. *Teter*

*v. Comm'n for Lawyer Discipline*, 261 S.W.3d 796, 798 (Tex.App.-Dallas 2008, no pet.).

### WAIVER UNDER § 409.021(c)

In its two issues on appeal, Federal contends the trial court erred in determining it waived its right under section 409.021(c) to contest the compensability of Ruiz's bilateral carpal tunnel syndrome. Section 409.021(c) provides, "If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability." TEX. LAB.CODE ANN. § 409.021(c). Administrative rule 124.3(3) provides, "Texas Labor Code, § 409.021 ... [does] not apply to disputes of extent of injury." 28 Tex. Admin. Code § 124.3(e). Federal argues its dispute concerning Ruiz's claim of bilateral carpal tunnel syndrome concerned the extent of Ruiz's injury, not the compensability of her injury. Thus, Federal asserts, section 409.021(c) by its terms does not apply, and rule 124.3(e) expressly provides it does not apply.

In support of this argument, Federal relies on *TIG Premier Insurance Co. v. Pemberton*, 127 S.W.3d 270 (Tex.App.-Waco 2003, pet. denied). In that case, the employee fell over a railing, hurting his right shoulder and left knee. The worker's compensation carrier did not contest liability for the injury. Three months after his fall, the employee was diagnosed with deep vein thrombosis in his right leg. *Id.* at 271. The carrier first learned of the deep vein thrombosis two years later, and it did not challenge the compensability of the deep vein thrombosis within sixty days of learning of it. *Id.* In administrative proceedings, the hearing officer and appeals panel concluded the carrier waived

the right to contest the compensability of the deep vein thrombosis by not contesting it within sixty days of learning of it. *Id.* at 272. The carrier challenged the administrative decision in district court. The court of appeals ruled that section 409.021 applied only to the carrier's initial response to the notice of injury and did not preclude it from later contesting a specific part of the injury. *Id.* at 204 (court states it agrees with carrier's argument).

The next year, 2004, the Worker's Compensation Commission issued an opinion discussing the question in *Pemberton* and in this case, "What was the nature of the injury that becomes compensable by virtue of carrier waiver?" Appeals Panel Decision No. 041738-s, 2004 WL 2347601, at *2. The Commission stated, "We hold that the injury that becomes compensable is not necessarily limited by the information listed on the first written notice of injury. Rather the nature of the injury will be defined by that information that could have been reasonably discovered in the carrier's investigation prior to the expiration of the waiver period." *Id.*

In April 2008, the Waco Court of Appeals issued an opinion in another case involving waiver under section 409.021(c), *State Office of Risk Management v. Lawton,* 256 S.W.3d 436 (Tex.App.-Waco 2008, pet. granted). In that case the employee was injured on July 5 and the same day was diagnosed as suffering a knee contusion. The carrier received notice of the injury the next day. On July 25, an MRI report on the employee's knee showed she had internal knee damage to the cartilage and other structures within her knee. The carrier received this report on August 1, well within the first sixty days. *Id.* at 437. On November 29, the carrier received a medical report that the internal knee damage was "a disease of life, and not part of the compensable work injury." *Id.* at 437–38. The carrier then issued a notice that

it would pay benefits for the knee contusion but not for the internal damage to the knee. *Id.* at 438. The hearing officer and appeals panel concluded that the carrier had waived its right to contest the compensability of the internal damage to the knee under section 409.021(c), and the carrier challenged the administrative decision in district court. *Id.* The carrier relied on the Waco court's 2003 opinion in *Pemberton.* The Waco Court of Appeals stated that, pursuant to its holding in *Pemberton,* the carrier's dispute fell within the scope of an extent of injury dispute. *Id.* at 440. The court then observed that since *Pemberton,* the Worker's Compensation Commission had defined in Appeals Panel Decision No. 041738-s what constitutes the injury subject to the waiver of section 409.021(c). *Id.* at 440–41. The court stated that rule 124.3's provision that disputes of extent of injury are not subject to section 409.021 "contemplates a situation where, after the initial injury and expiration of the sixty-day period, a new dispute arises with regard to a body part, system, injury, condition, or symptom. In such a situation, no waiver occurs under section 124.3." *Id.* at 441 (citations omitted). The court stated that the July 25 report put the carrier on notice that the employee sought benefits for more than a mere contusion, and it placed the carrier in a position to dispute the extent of the employee's injury. *Id.* The court concluded that the employee had established her entitlement to judgment as a matter of law on the issue of waiver. *Id.*

Although not expressly stated in *Lawton,* two conclusions are implicit from the Waco court's opinion. First, the court had to have concluded that, following the issuance of Appeals Panel Decision No. 041738-s, its decision in *Pemberton* did not apply to medical conditions that could have been reasonably discovered in the carrier's investigation prior to the expiration of the

sixty-day waiver period. Then, the court had to have concluded that the employee's internal knee damage was such a medical condition.

Federal filed its brief in this case on July 22, 2008. It presented arguments criticizing Appeals Panel Decision No. 041738–s as improper *ad hoc* rule making by the Worker's Compensation Commission that should not be allowed by the courts. It also criticized the Waco court's decision in *Lawton* for following Appeals Decision No. 041738–s. Federal argues that section 409.021 and rule 124.3 should be interpreted to permit it to bring a challenge to the extent of an injury even when that medical condition could reasonably have been discovered by the carrier within sixty days of its notice of the injury and it failed to dispute the compensability of that medical condition during the sixty-day period.

On August 5, 2008, two weeks after Federal filed its appellant's brief in this case, this Court issued an opinion in a similar case, *Sanders v. American Protection Insurance Co.*, 260 S.W.3d 682 (Tex.App.-Dallas 2008, no pet.). In that case, the employee filed a notice of injury claiming she sustained a repetitive trauma injury including bilateral carpal tunnel syndrome and injuries to her shoulders and neck. *Id.* at 685. Before the end of the sixty-day period, a doctor diagnosed the employee as suffering from bilateral carpal tunnel syndrome and cervical spinal issues and shoulder issues. The carrier thus was on notice of the employee's neck injuries and did not contest them during the sixty-day period. *Id.* Over two years later, the carrier asserted that the employee's neck problems were "a disease of life" and were not related to her repetitive motion injury. *Id.* at 683. In the administrative proceedings,

the hearing officer and appeals panel concluded that the neck injuries could have been reasonably discovered during the sixty-day period and that the carrier waived its right to contest the compensability of the neck injuries by not contesting them during that period. *Id.* On appeal in this Court, the carrier relied on the Waco court's *Pemberton* decision. Citing the Waco court's subsequent decision in *Lawton* and Appeals Decision No. 041738–s, we observed,

> The Texas Administrative Code provides that section 409.021 does not apply to disputes about the extent of an injury. Section 124.3(e) further provides that if a carrier receives a medical bill that involves treatment or service that the carrier believes is not related to the compensable injury, the carrier must file a notice of dispute of extent of injury not later than the earlier of the date the carrier denied the medical bill or the due date for the carrier to pay or deny the medical bill. Thus, section 124.3 contemplates a situation where, after the initial injury and expiration of the sixty-day period, a new dispute arises with regard to a body part, system, injury, condition, or symptom. In such a situation, no waiver occurs under section 124.3.

> However, when, as here, the carrier is on notice of an injury within the initial sixty-day period of investigation, section 124.3 does not apply and the issue of compensability may not be reopened absent newly discovered evidence. This interpretation of rule 124.3 is reasonable, does not contradict the plain language of the statute, and gives effect to the legislature's goal of providing employees with a prompt streamlined process to handle worker's compensation claims. Thus, we defer to the [Texas

Worker's Compensation Commission's] interpretation of this rule.

*Id.* at 685 (citations omitted).

Ruiz's appellee's brief asserts that *Sanders* is directly on point with this case. Federal did not file a reply brief.

We agree with Ruiz that *Sanders* is on point and controls our decision in this case. The only distinction between the two cases is that in *Sanders,* the insurer agreed the bilateral carpal tunnel syndrome was compensable but sought to contest the compensability of the neck injury; while in this case, the insurer agreed to the compensability of the right shoulder strain, cervical strain, and left wrist strain but sought to contest the compensability of the bilateral carpal tunnel syndrome. This is not a material distinction.

The summary judgment record shows Ruiz's bilateral carpal tunnel syndrome could have been reasonably discovered by Federal during the sixty days following notice to Federal of Ruiz's injury. Federal did not contest the compensability of Ruiz's bilateral carpal tunnel syndrome. Following *Sanders,* we conclude the trial court did not err in determining that under section 409.021(c), Federal waived its right to contest the compensability of Ruiz's bilateral carpal tunnel syndrome and that the trial court did not err in granting Ruiz's motion for summary judgment on this ground. We overrule Federal's first and second issues.

We affirm the trial court's judgment.