ZENITH INSURANCE COMPANY, Appellant,

v.

Carmen AYALA, Appellee.

No. 05–08–00276–CV.

Court of Appeals of Texas, Dallas.

Feb. 26, 2009.

---

John V. Fundis, Downs & Stanford, P.C., Dallas, TX, for Appellant.

William Randell Johnson, Law Offices of William Randell Johnson, Plano, TX, Leslie Casaubon, The Casaubon Firm, L.L.P., Lewisville, TX, for Appellee.

Before Justices WRIGHT, O'NEILL and LANG.

## MEMORANDUM OPINION

Opinion By Justice O'NEILL.

This is a workers' compensation case. Zenith Insurance Company ("Carrier") appeals summary judgment for Carmen Ayala. The trial court granted summary judgment on the ground that the Carrier waived its right to dispute that the compensable injury included lumbar spondylo-listhesis[1] and lumbar radicular syndrome.[2] We affirm the trial court's judgment.

## Background

On January 23, 2006, Carmen sustained injuries, including an injury to her lower back, at work when a window fell on her. The parties stipulated (a) Carmen's injury was compensable; (b) the Carrier received its first notice of the injury on March 1, 2006; (c) the Carrier has not contested compensability; and (d) the Carrier did not dispute the compensable injury included the Lumbar Condition before July 28, 2006.

Carmen's initial diagnosis was augmented on April 13, 2006 to include a diagnosis of lumbar radicular syndrome. Within a week, on April 20, 2006, a second doctor reported a specific diagnosis of both lumbar radicular syndrome and L5–S1 spondylolisthesis. Carmen was scheduled for an epidural steroid injection ("ESI") which required pre-authorization. A "Notice of Utilization Review Findings" and a "Notice of Intent to Issue an Authorization" were issued on April 27, 2006 by the Carrier's utilization vendor. The ESI was performed shortly thereafter.

Because of the Carrier's July 28, 2006 dispute notice, a contested case hearing was conducted by a hearing officer of the Texas Department of Insurance, Division of Workers' Compensation ("TWC") who concluded "[t]he compensable injury of January 23, 2006 extends to include the [Lumbar Condition] by operation of [the Carrier's] extent waiver. [The Carrier] has waived the right to contest compensability of [the Lumbar Condition] by not timely contesting the diagnosis in accor-

---

1. Lumbar spondylolisthesis is a misalignment of the spine where one of the spine bones slips forward over the one below it. The condition often involves slippage of the fifth lumbar vertabra over the top of the sacrum.

2. Lumbar radicular syndrome results from compressed or irritated nerve roots in the spine. In this opinion, lumbar radicular syndrome and lumbar spondylolisthesis are collectively referred to as the "Lumbar Condition."

dance with Texas Labor Code Section 409.021 . . . ." The Carrier appealed the hearing officer's decision to a TWC appeals panel where the decision was affirmed. The Carrier then filed this case seeking reversal of the administrative rulings.

Both parties moved for summary judgment on the waiver issue. The trial court granted Carmen final summary judgment that the Carrier waived its right to raise its extension of the injury dispute, and by operation of the Carrier's waiver, the compensable injury included the Lumbar Condition. On appeal, the Carrier raises two issues: (1) does the compensable injury extend to include the Lumbar Condition; and (2) has the Carrier waived its right to dispute the extension of the compensable injury.

## Standard of Review

The standards for reviewing summary judgments are well established, and we follow them in reviewing this appeal. *PACCAR Fin. Corp. v. Potter*, 239 S.W.3d 879, 881–82 (Tex.App.-Dallas 2007, no pet.) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985) (summary judgment standards of review)). When both parties move for summary judgment, each party bears the burden of establishing it is entitled to judgment as a matter of law. *Id.* (citing *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000)). If the trial court grants one motion and denies the other, the non-prevailing party may appeal the granting of the prevailing party's motion as well as the denial of its own motion. *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex.1996). When the appellant raises issues as to both motions, we review the summary judgment evidence presented by both parties and determine all questions presented. *PAC-CAR Fin. Corp.*, 239 S.W.3d at 881–82.

## Discussion

Before reaching the Carrier's extent of injury issue, we first consider its second issue of whether it waived its right to dispute compensability of the Lumbar Condition. Under Section 409.021(c) of the Texas Labor Code,

[i]f an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability. The initiation of payments by an insurance carrier does not affect the right of the insurance carrier to continue to investigate or deny the compensability of an injury during the 60–day period. Tex. Lab.Code Ann. § 409.021(c) (Vernon 2006).

The documents issued to preauthorize Carmen's ESI were dated April 27, 2006. Also, among Carmen's medical records were an April 13, 2006 diagnosis of the Lumbar Condition by the so-called company doctor, a magnetic resonance imaging report transcribed on April 14, 2006, and a confirmation of the company doctor's diagnosis by a specialist on April 20, 2006. The Carrier did not dispute compensability of the Lumbar Condition until July 28, 2006—62 days after the Carrier's own documents show prior notice of the injury.

The Carrier contends the Texas Administrative Code[3] abrogates application of Texas Labor Code section 409.021 to Carmen's Lumbar Condition which it characterizes as an extension of a compensable injury. Specifically, the Carrier argues that 28 Tex. Admin. Code § 124.3 operates to remove any waiver period in cases

---

**3.** The Texas Administrative Code provides that section 409.021 does not apply to disputes about the extent of an injury. 28 TEX.

ADMIN. CODE § 124.3(e) (Tex. Ins. Dep't, Investigation of Injury and Notice of Denial/Dispute).

where the extent of any injury, whether existing or new, is at issue. The Carrier's argument however, contradicts this court's recent decision where we held that the TWC regulation does not apply to preclude waiver as to existing injuries and the issue of compensability may not be reopened absent newly discovered evidence. *Sanders v. American Protection Ins. Co.*, 260 S.W.3d 682, 685 (Tex.App.-Dallas 2008, no pet.).[4] This court reasoned the regulation contemplates a situation where, after the initial injury and expiration of the sixty day period, a new dispute arises with regard to a body part, system or injury. *Id.* at 685.

At the very latest, the medical records the Carrier needed to ascertain the extent of Carmen's injury were in its offices by April 27, 2006 when the preauthorization for Carmen's ESI was issued. In addition, the Carrier could have discovered the information it needed on April 13, 2006 from the company doctor. The parties stipulated the Carrier received its first notice of Carmen's injury on March 1, 2006. So, within the investigation period, the Carrier had the information it needed to dispute whether the compensable injury included the Lumbar Condition. Then, it failed to dispute the extent of the injury until July 28, 2006. We conclude the Carrier waived its right and overrule its second issue. Our decision of the second issue obviates our need to discuss the Carrier's first issue.

## Conclusion

We affirm the trial court's summary judgment for Carmen Ayala.

---

4. We acknowledge the case we relied on in the *Sanders* case, *State Office of Risk Mgmt. v. Lawton*, 256 S.W.3d 436 (Tex.App.-Waco 2008, pet. filed), is now before the Texas Supreme Court.