COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-151-CV

 

 

VICTOR MCKOY                                                                  APPELLANT

 

                                                   V.

 

CITY OF FORT WORTH, TEXAS                                                APPELLEE

 

                                              ------------

 

           FROM
THE 348TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction








In two
issues in this Texas Workers=
Compensation Act case, Appellant Victor McKoy asserts that the trial court
erred by granting Appellee City of Fort Worth=s motion
for summary judgment and concluding that once the City accepted that McKoy had
incurred a compensable injury, the waiver provisions of labor code section
409.021 were inapplicable.  We affirm.

                             II.  Factual and Procedural History

This
case arises out of a claim filed by McKoy, a City employee who was initially
diagnosed with a work-related sprained right knee.  The City received written notice of the
injury on November 23, 2005, which meant that under section 409.021(c) of the
labor code, the City had sixty days, or until January 23, 2006, to contest the
compensability of the injury; otherwise it would waive the right to contest
compensability.  The City accepted McKoy=s knee
injury as compensable and initiated benefit payments to McKoy on December 7,
2005.

On
December 20, 2005, McKoy underwent an MRI, which revealed a Baker=s cyst,
grade IIIBIV chondromalacia, and bursitis,
all involving the sprained right knee. 
The City received the MRI results on January 20, 2006, and contested
these three new diagnoses ten days later, or seven days after the sixty-day
period had expired.








Throughout
the administrative hearings on the claim, the City argued that once it accepted
McKoy=s
original knee injury as compensable and timely initiated payment of income
benefits, it was no longer subject to the sixty-day waiver provision of section
409.021(c) for the newly-diagnosed knee problems.  McKoy, on the other hand, asserted that the
City had a continuing duty to investigate the claim and to deny these
newly-found conditions during the sixty-day investigation period, or it waived
its right to contest them.  At the
conclusion of the contested case hearing, the hearing officer found the
following:

1.  The grade IIIBIV chondromalacia, Baker=s cyst, and bursitis did
not arise out of or naturally flow from the compensable injury.

 

2.  The City, through a
reasonable investigation, could have determined within sixty days after
November 23, 2005, that the Baker=s cyst and bursitis were part of the claimed
injury.

 

3.  The City did not receive notice that the
claimed injury included the grade III-IV chondromalacia within the sixty-day
period.

The hearing officer=s
pertinent conclusions of law were as follows:

1.  The City waived the right to
contest the Baker=s cyst and bursitis by
not timely contesting that diagnosis in accordance with sections 409.021 and
409.022 of the Texas Labor Code.

 

2.  The City did not waive the
right to contest the right knee grade IIIBIV chondromalacia by not timely contesting those
diagnoses in accordance with sections 409.021 and 409.022 of the Texas Labor
Code.

 

3.  The compensable injury of
November 18, 2005, does extend to include the Baker=s cyst and bursitis since
the City waived the right to contest those diagnoses.

 

4.  The compensable injury of November 18, 2005,
does not extend to include right knee grade IIIBIV
chondromalacia.








On
December 3, 2007, the appeals panel affirmed the hearing officer=s
findings and conclusions.  The City filed
suit in district court, asking the court to set aside the appeals panel=s final
decision.  In response, McKoy asked the
trial court to affirm the appeals panel=s
decision and requested attorney=s fees.

One
month into the suit, the City filed a motion for summary judgment, arguing that
section 409.021 of the labor code, including the waiver subsection, does not
apply to an accepted claim because article 28, section 124.3(e) of the
administrative code states that section 409.021 does not apply to disputes over
the extent of an injury.  Hence, because
the additional injuries of bursitis and the Baker=s cyst
were disputes over the extent of the knee injury, the sixty-day waiver period
did not apply.  McKoy countered that
those additional conditions became compensable by virtue of waiver by the City
because it could have reasonably discovered the additional conditions within
the sixty-day waiver period and they were not contested within that
period.  He asserted that the medical
documentation for both the Baker=s cyst
and bursitis was available to the City before the sixty-day period had expired.

In a
faxed ruling dated March 13, 2009, the trial court stated, AI am
going to support the position of the Plaintiff [the City of Fort Worth].  I do not see how the law could be written to
preclude an employer from stopping unwarranted benefits because of a waiver.@  The trial court subsequently entered an order
granting the City=s motion for summary judgment,
and this appeal followed. 








                                    III.  Standard of Review

In a
summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Sw. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.

When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s favor.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  Questions
of law are appropriate matters for summary judgment.  Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 222 (Tex. 1999).

                                    IV.  Statutory Provisions

Three
statutory provisions and their application are at issue in this case: section
409.021(c) of the labor code and sections 124.3 and 133.240(a) of the
administrative code.  Section 409.021(c)
states: 








If an insurance carrier does not contest the compensability of an
injury on or before the 60th day after the date on which the insurance carrier
is notified of the injury, the insurance carrier waives its right to contest
compensability.  The initiation of payments
by the insurance carrier does not affect the right of the insurance carrier to
continue to investigate or deny the compensability of an injury during the
60-day period.

 

Tex. Lab. Code Ann. '
409.021(c) (Vernon 2006).  The pertinent
administrative code provisions are set out below:

(b) Except as provided by subsection (c), the carrier waives the right
to contest compensability of or liability for the injury, if it does not
contest compensability on or before the 60th day after the date on which the insurance
carrier receives written notice of the injury.

 

. . . 

 

(e) Texas Labor Code, ' 409.021 and subsection (a) of this section do
not apply to disputes of extent of injury. 
If a carrier receives a medical bill that involves treatment(s) or
service(s) that the carrier believes is not related to the compensable injury,
the carrier shall file a notice of dispute of extent of injury (notice of
dispute).

 

28 Tex. Admin. Code ' 124.3(b),
(e) (Vernon 2004).

An insurance carrier shall take final action after conducting bill
review on a complete medical bill, or determine to audit the medical bill in
accordance with ' 133.230 of this chapter
(relating to Insurance Carrier Audit of a Medical Bill), not later than the
45th day after the date the insurance carrier received a complete medical bill.

 

Id. '
133.240(a) (Vernon 2006).

                                            V.  Analysis

McKoy
relies primarily on three cases to support the following argument:








Since the City of Fort Worth, Self-Insured, had notice of McKoy=s conditions of baker=s cyst and bursitis in
the knee within the 60-day waiver period and did not contest the compensability
of these conditions within the 60-day period, the City of Fort Worth waived the
right to contest compensability of these conditions and they are compensable as
a matter of law.  It does not matter that
the cause of the injury may be outside the course and scope of employment
because causation is no longer in dispute when the carrier waives the right to
dispute the compensability.

 

Those three cases are State
Office of Risk Management v. Lawton, 256 S.W.3d 436 (Tex. App.CWaco
2008, pet. granted); Sanders v. American Protection Insurance Co., 260
S.W.3d 682 (Tex. App.CDallas 2008, no pet.); and Federal
Insurance Co. v. Ruiz, 124 S.W.3d 705 (Tex. App.CAustin
2003, pet. denied).








The
supreme court granted the petition for review in Lawton and has issued
its opinion.  See State Office of Risk
Mgmt. v. Lawton, No. 08-0363, 2009 WL 2667360, at *1 (Tex. Aug. 26,
2009).  It is a Aspotted
dog@ or Awhite
horse@ case.[2]  The question before the supreme court was Awhether
the sixty-day period for challenging compensability of an injury also applies
to a dispute over the extent of injury, if the basis for that dispute could
have been discovered by a reasonable investigation within the waiver period.@  Id.

In Lawton,
the State Office of Risk Management (SORM) received notice that Lawton had
received a knee injury.  Id.  Twenty days later an MRI revealed a
degenerative condition of the knee for which, three months later, an orthopedic
surgeon recommended surgery.  The
following month, a peer review physician reported that the recommended surgery
was related to the degenerative condition and not to the July injury.  SORM then disputed the extent of the
compensable injury and refused to pay benefits for Aany
pre-existing degenerative joint disease.@  Id. at *2.  At the contested case hearing, the hearing
officer held that SORM could have discovered the extent of Lawton=s
claimed injury, that is, the degenerative condition, had it conducted a
reasonable investigation within the sixty-day period and that because it had
not, it had waived its right to dispute the claim.  An appeals panel, and later the court of
appeals, upheld this holding.  In
reversing the court of appeals, the supreme court observed that








[n]owhere in the text of the
rule, the statute, or the Texas Register is there a suggestion that a carrier
waives the right to challenge the extent of an injury if the extent of that
claim was reasonably discoverable within the period for determining
compensability . . . .  Here, SORM
agreed that Lawton=s injury was compensable.  When it later disputed the extent of that
injury, it was governed by the deadline applicable to such disputes, not the
sixty-day deadline governing compensability. 
A carrier has up to forty-five days from the date it receives a complete
medical bill to dispute whether that treatment was necessary.

Id. at
*3.  The court therefore reversed the
court of appeals=s decision in Lawton and
specifically overruled Ruiz and Sanders, the other two cases
relied upon by McKoy.

That said,
the City had forty-five days from the time it received further medical
documentation on January 23, 2006,[3]
related to further problems with McKoy=s knee,
to contest the extent of McKoy=s
injuries.  Because the City acted seven
days later, well within this forty-five-day period, it did not waive the right
to contest the extent of the injury, and the City=s motion
for summary judgment was therefore properly granted.








                                          VI.  Conclusion

Having
overruled McKoy=s issues, we affirm the trial
court=s
judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

 

DELIVERED: November 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]That is, as our sister
court has phrased it:

 

[A]round the turn of the
century, a Texas law firm had a case in which a white horse owned by the client=s taxi service reared in
the street, causing an elderly woman to fall and injure herself.  The partner handling the case asked a young
associate to find a case on point.  The
associate came back several hours later with a case involving an elderly lady
who had fallen in the street after a taxi company=s black horse had reared
in front of her.  When the associate took
this case to the partner, the partner said, ANice try, son. 
Now go find me a white horse case.@

 

Hilland
v. Arnold,
856 S.W.2d 240, 242 n.1 (Tex. App.CTexarkana 1993, no writ).





[3]McKoy also asserts that
the City=s representatives had
actual knowledge of the contents of his medical documentation on or before
January 23, 2006, including a report from a December MRI and a January 9, 2006
doctor=s report that concluded
that McKoy=s diagnosis included
prepatellar bursitis.  But even if the
forty-five-day deadline began to run on January 9, the City still would have
made its objection within the forty-five-day period.