STATE OFFICE OF RISK
MANAGEMENT,
Petitioner,

v.

Mary LAWTON, Respondent.

No. 08–0363.

Supreme Court of Texas.

Argued March 11, 2009.

Decided Aug. 28, 2009.

Rehearing Denied Nov. 20, 2009.

Thomas Matthew Lipovski, David S. Morales, Laura B. Fountain, Office of the Attorney General, Greg W. Abbott, Attorney General, James C. Ho, Solicitor General of Texas, Kent C. Sullivan, Austin, TX, for Petitioner.

Stuart F. Lewis, Law Office of Stuart F. Lewis, Bryan, TX, for Respondent.

P.M. Schenkkan, Graves Dougherty Hearon & Moody, P.C., Austin, TX, for Amicus Curiae.

Wade Caven Crosnoe, Thompson Coe Cousins & Irons, L.L.P., Austin, TX, for Amicus Curiae.

Elaine M. Chaney, Director of Legal Services, for Amicus Curiae.

Bradley Dean McClellan, Austin, TX, for Amicus Curiae–Texas State Employees.

Chief Justice JEFFERSON delivered the opinion of the Court.

In an effort to streamline workers' compensation claim processing, the Legislature established time limits applicable to

compensability disputes. *See* Act of Dec. 11, 1989, 71st Leg., 2nd C.S., ch. 1, § 5.21(a), 1989 Tex. Gen. Laws 1, 51. These limits furthered "the legislative goal of providing employees with either prompt payment or notice of denial of benefits." *Cont'l Cas. Co. v. Downs,* 81 S.W.3d 803, 806 (Tex.2002), *overruled on other grounds by Sw. Bell Tel. Co. v. Mitchell,* 276 S.W.3d 443, 448 (Tex.2008). Today we must decide whether the sixty-day period for challenging compensability of an injury also applies to a dispute over the extent of injury, if the basis for that dispute could have been discovered by a reasonable investigation within the waiver period. We hold it does not and therefore reverse the court of appeals' judgment.

## I

### Factual and Procedural Background

On July 5, 2005, Mary Lawton, a Texas Department of Criminal Justice employee, hit her left knee on a steel monitor while at work. A physician diagnosed her with a left knee contusion and strain. The State Office of Risk Management (SORM), which is responsible for administering the state employees workers' compensation insurance program,[1] received written notice of the injury the next day and commenced paying benefits. On July 25, 2005, Lawton underwent an MRI, and the reviewing physician diagnosed severe chondromalacia, an irritation of the cartilage on the undersurface of the patella. In October, Lawton saw an orthopedic surgeon, who recommended surgery. SORM ordered a peer review of this recommendation. On November 29, 2005, the peer review physician reported that the medical conditions for which surgery was sought "[were] related to [Lawton's] known degenerative changes of the knee and [were] not the result of the contusion she realized from her reported compensable injury." He concluded that "[the] proposed surgery would not be reasonable or necessary as related to the left knee contusion." Eight days later, SORM disputed the extent of Lawton's compensable injury and refused to pay benefits for any pre-existing degenerative joint disease.

Following a contested case hearing, the hearing officer concluded that SORM waived the right to contest responsibility for the degenerative joint disease because SORM waited too long after it received notice of Lawton's knee contusion to dispute the extent of injury. The officer found that SORM could have discovered the extent of Lawton's claimed injury if it had conducted a reasonable investigation within the sixty-day time period established by Texas Labor Code section 409.021(c), and SORM's failure to dispute the claim within that deadline waived its right to do so. An appeals panel affirmed the officer's decision, and SORM sought judicial review. On competing motions for summary judgment, the trial court affirmed the decision and awarded Lawton attorney's fees. *See* Tex. Lab.Code § 408.221(c). A divided court of appeals affirmed. 256 S.W.3d 436, 441. We granted SORM's petition for review, 52 Tex. Sup.Ct.J. 333 (Feb. 13, 2009), and now reverse.

## II

### Discussion

■ This appeal concerns the interpretation of both a statutory provision and an

---

1. SORM administers "insurance services obtained by state agencies, including the government employees workers' compensation insurance program...." Tex. Lab.Code § 412.011(a). SORM is treated as an "insurer" for purposes of applying chapter 409 of the Labor Code. *Id.* § 501.002(c).

administrative rule. Texas Labor Code subsection 409.021(c) provides, in pertinent part:

> If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability.

Tex. Lab. Code § 409.021(c).

The administrative rule states:

> Texas Labor Code, § 409.021 and subsection (a) of this section do not apply to disputes of extent of injury. If a carrier receives a medical bill that involves treatment(s) or service(s) that the carrier believes is not related to the compensable injury, the carrier shall file a notice of dispute of extent of injury (notice of dispute). The notice of dispute shall be filed ... not later than the earlier of:
>
> (1) the date the carrier denied the medical bill; or
>
> (2) the due date for the carrier to pay or deny the medical bill as provided in Chapter 133 of this title (relating to General Medical Provisions).

28 Tex. Admin Code § 124.3(e) ("Rule 124.3(e)").

The court of appeals reviewed both of these provisions and determined that SORM's contest did not pertain to compensability: "SORM's dispute is not a denial of Lawton's entitlement to benefits in general or a dispute as to the overall injury, ... [rather the] complaint falls within the scope of an extent of injury dispute." 256 S.W.3d at 440. We agree.

**2.** The Commission is now known as the Division of Workers' Compensation, a division of the Texas Department of Insurance. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 1.003, 2005 Tex. Gen. Laws 469, 470.

The court then examined a Texas Workers' Compensation Commission [2] appeals panel decision that stated:

> [T]he injury that becomes compensable by virtue of waiver is not necessarily limited by the information listed on the first written notice of injury. Rather the nature of the injury will be defined by that information that could have been reasonably discovered in the carrier's investigation prior to the expiration of the waiver period.

Appeals Panel No. 041738–s, 2004 WL 2347601, at \*2 (Tex. Workers' Comp. Comm'n Sept. 8, 2004), *cited in* 256 S.W.3d at 440–41. The court noted that SORM received the MRI report within the initial sixty-day period, and the "report put SORM on notice that Lawton was seeking benefits for something more than a contusion and placed SORM in a position to dispute the extent of Lawton's injury." 256 S.W.3d at 441. Accordingly, the court concluded that SORM waived its right to contest the extent of Lawton's injury because SORM's first challenge to extent was presented outside the initial sixty-day period. *Id.* SORM argues that this holding "is unsupported by the text of Section 409.021, and conflicts with Rule 124.3(e) and the [Division]'s intent in adopting the rule." We agree.

■ Section 409.021(c)'s sixty-day deadline applies only to compensability. Rule 124.3(e), which has the force and effect of a statute and must be construed accordingly,[3] provides that section 409.021 does not apply to disputes regarding extent of injury, and the rule sets deadlines for disputing those types of claims. 28 Tex. Admin. Code § 124.3(e). This is con-

**3.** *Rodriguez v. Serv. Lloyds Ins. Co.,* 997 S.W.2d 248, 254 (Tex.1999).

sistent with the Division's "reasoned justification" for the Rule as reflected in the Texas Register. *See Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999) (noting that "our primary objective is to give effect to the [Division's] intent," and "[o]ur best source of the [Division's] intent is the Texas Register"). In relation to Rule 124.3, the Texas Register provides:

> Texas Labor Code, § 409.021, is intended to apply to the compensability of the injury itself or the carrier's liability for the claim as a whole, not individual aspects of the claim. When a carrier disputes the extent of an injury, it is not denying the compensability of the claim as a whole, it is disputing an aspect of the claim.... [A] dispute involving extent of injury is a dispute over the amount or type of benefits, specifically, medical benefits, to which the employee is entitled (i.e. what body areas/systems, injuries, conditions, or symptoms for which the employee is entitled to treatment); it is not a denial of the employee's entitlement to benefits in general.

25 Tex. Reg. 2096, 2097 (2000) (noting that, as required by statute, "the [Division]'s reasoned justification for this rule is set out in this order"). The Texas Register also notes that "[t]he timeframes for a denial of a claim in its entirety such as those addressed in subsection (a) are statutorily driven by Texas Labor Code, § 409.021 and are tied to notice of the injury. Extent of injury disputes are not so governed." *Id.* at 2100. Nowhere in the text of the rule, the statute, or the Texas Register is there a suggestion that a carrier waives the right to challenge the extent of an injury if the extent of that

claim was reasonably discoverable within the period for determining compensability.

Moreover, implying such a requirement would eliminate the distinction between compensability and extent: a dispute about any injury reasonably discoverable within sixty days of the initial notice would be governed by the deadlines for compensability, while information obtained outside that time frame would fall under the deadlines for disputing extent. Not only does this contravene the statute and the rule, it would create an unworkable situation. A carrier who received medical information within the sixty-day period—even on the fifty-ninth day—would have to determine immediately whether to contest the injury's extent (or its discoverability)[4] or waive its right to do so. This would lead to an investigation of all conditions that may be "reasonably discoverable," resulting in increased costs and premature or unnecessary disputes (as a worker may never seek benefits for those conditions). Although the sixty-day period governs only compensability, not extent, the Legislature and the Division have ensured that workers enjoy certain protections during extent-related disputes including, in certain cases, expedited proceedings, benefits during appeal, interlocutory orders requiring medical and income benefits, and examinations by designated doctors. *See* Tex. Lab.Code §§ 408.0041(a)(3), 410.025(d), 410.169, 413.055(a); 28 Tex. Admin. Code §§ 126.7(a), (c)(3), 133.306(b).

Here, SORM agreed that Lawton's injury was compensable. When it later disputed the extent of that injury, it was governed by the deadline applicable to

---

4. Amicus curiae Office of Injured Employee Counsel cites two appeals panel decisions holding that injuries not diagnosed until the fifty-eighth and fifty-seventh days, respectively, of the sixty-day period were not discoverable by reasonable investigation during that period. *See* Appeals Panel No. 070181, 2007 WL 1034970, at *2 (Tex. Workers' Comp. Comm'n Mar. 19, 2007); Appeals Panel No. 062601–s, 2007 WL 747440, at *3–*4 (Tex. Workers' Comp. Comm'n Feb. 21, 2007);.

such disputes, not the sixty-day deadline governing compensability. A carrier has up to forty-five days from the date it receives a complete medical bill to dispute whether that treatment was necessary. *See* 28 TEX. ADMIN. CODE §§ 124.3(e); 133.240(a). That is the time frame applicable here. "[T]he [Division] could have easily formulated exceptions in the language of a general rule." *Rodriguez*, 997 S.W.2d at 255. Because the Division has not done so, the court of appeals' reliance on an appeals panel decision to the contrary was improper. *Id.* at 254–55 (holding that, while courts "defer to the [Division's] interpretation of its own regulation," they cannot do so if that interpretation is "'plainly erroneous or inconsistent with the regulation'" (quoting *Public Util. Comm'n of Tex. v. Gulf States Util. Co.*, 809 S.W.2d 201, 207 (Tex.1991))). To the extent some cases have held differently, we disapprove of them. *See, e.g., Fed. Ins. Co. v. Ruiz*, 281 S.W.3d 177, 183–84 (Tex. App.-Dallas 2009, no pet.); *Sanders v. Am. Prot. Ins. Co.*, 260 S.W.3d 682, 685 (Tex. App.-Dallas 2008, no pet.).

Accordingly, we reverse the court of appeals' judgment, render judgment that SORM did not waive the right to contest the extent of Lawton's knee injury by not disputing the extent of that injury within the initial sixty-day period, and remand this case to the trial court for further proceedings consistent with this opinion. TEX.R.APP. P. 60.2(c), (d).