# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-09-00054-CV
---

**Texas Mutual Insurance Company, Appellant**

**v.**

**Apollo Enterprises, Inc., Appellee**

---
### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
### NO. D-1-GN-05-003548, HONORABLE GISELA TRIANA-DOYAL, JUDGE PRESIDING
---

### M E M O R A N D U M   O P I N I O N

This is a statutory- and rule-construction case involving fee-dispute claims brought by appellee Apollo Enterprises, Inc. ("Apollo") against appellant Texas Mutual Insurance Company ("Texas Mutual") in the Division of Workers' Compensation ("Division").[1] The Division dismissed Apollo's claims, concluding that Apollo was not a proper party to the Division's fee-dispute resolution process. Apollo filed suit in Travis County district court challenging the dismissals. The trial court granted Apollo's motion for summary judgment and ordered the fee disputes at issue remanded to the Division. Because the Division's interpretation of the plain language of its rule is

---

[1] In 2005 the legislature abolished the Texas Workers' Compensation Commission and created the Division of Workers' Compensation in its place. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 265 §§ 8.001(b), .004(a), 2005 Tex. Gen. Laws 469, 607-08. The fee disputes that form the basis of this suit were dismissed by the TWCC. However, for simplicity and clarity we will refer to both the Division and its predecessor, the TWCC, as "the Division."

neither contrary to the rule itself nor to the statute, nor plainly erroneous, we will reverse the trial court's judgment and render judgment affirming the Division's dismissal order.

**BACKGROUND**

Under the workers' compensation scheme established by the Texas Legislature and administered by the Division, injured workers receive medical care and pharmaceuticals free at the point of service. The healthcare provider that serves the injured worker is responsible for submitting claims to the appropriate workers' compensation insurer.

Texas Mutual is a non-profit insurance company established by statute to provide workers' compensation insurance in competition with other insurers. Apollo is a corporation that purchases workers' compensation reimbursement rights from pharmacies that dispense drugs to injured workers. When one of Apollo's client pharmacies dispenses a drug to an injured worker, Apollo pays the pharmacy a contractually agreed sum in exchange for the pharmacy's statutory right of reimbursement from the applicable workers' compensation insurance carrier. Apollo then assumes the burden of seeking reimbursement and the risk of non-payment.

The maximum amount of reimbursement that a healthcare provider may receive for a drug is controlled by administrative regulation. *See* 28 Tex. Admin. Code § 134.503 (2003) (Tex. Div. of Workers' Comp., Med. Services, Charges, & Payments); Tex. Lab. Code Ann. § 413.011 (West 2006). Division rule 134.503 requires that the maximum reimbursement be the lesser of three amounts: (1) the pharmacy's usual and customary charge for the same or similar drug; (2) the average wholesale price on the date of dispensing; or (3) a negotiated or contract amount. 28 Tex. Admin. Code § 134.503. If there is a dispute as to the proper amount of reimbursement

between the healthcare provider and the insurer, and the provider claims to be unpaid or underpaid, the provider is allowed to file a fee-dispute claim with the Division. *See* Tex. Lab. Code Ann. § 413.031 (West 2006); 28 Tex. Admin. Code § 133.307 (2002) (Tex. Div. of Workers' Comp., Gen. Med. Provisions), *repealed and re-enacted by* 31 Tex. Reg. 10313 (2006). The same rule allows an insurer to seek to recover if it overpays a claim. 28 Tex. Admin. Code § 133.307(b)(2).

Texas Mutual accepted and paid claims submitted by Apollo without contest for some time before the fee disputes in question arose. Texas Mutual alleges that beginning sometime in 2001, it realized that Apollo was submitting claims for payment to Texas Mutual that were greater than the cost Apollo's client pharmacies were charging the general public for the same drug.[2] Concluding that the amounts claimed were more than the allowable maximum, Texas Mutual paid Apollo less than what it had requested. Texas Mutual based its payments to Apollo on an estimate it formulated using price data it had received from "a company that had contracted with 50,000 pharmacies nationwide and hundreds of pharmacies in Texas for the payment of prescription drugs." Thus, Texas Mutual paid Apollo what it believed to be the pharmacies' usual and customary charges.

Apollo disputed the reimbursement amounts and brought several thousand fee-dispute claims to the Division. The Division dismissed Apollo's claims, concluding that Apollo was not a proper party to the disputes because parties to fee disputes are limited by Division rule 133.307(b)(1) to healthcare providers and insurance carriers. *See* 28 Tex. Admin. Code § 133.307(b)(1). The Division found that Apollo was not a "health care provider" as defined in rule 133.1(a)(9), and

---

[2] Apollo disputes Texas Mutual's characterization of the claims as inflated.

therefore was not a proper party. *See* 28 Tex. Admin. Code § 133.1(a)(9) (2002) (Tex. Div. of Workers' Comp., Definitions), *repealed by* 31 Tex. Reg. 3544 (May 2, 2006).

Apollo sought judicial review of the agency's decision in Travis County District Court. The parties filed cross-motions for summary judgment. The trial court granted Apollo's motion in part and remanded the fee disputes at issue in this appeal to the Division. The trial court also granted Texas Mutual's motion in part, dismissing some fee disputes on procedural grounds because they were not timely filed with the Division.[3] In a single issue on appeal, Texas Mutual asserts that the Division's interpretation of the relevant statutes and rules was proper, and therefore Apollo was not a proper party to bring a fee dispute. Texas Mutual seeks reversal of the district court's order and rendition of judgment in its favor.

## STANDARD OF REVIEW

Generally, an agency's rules and decisions are reviewed under the substantial-evidence rule, but the sole issue in this appeal is the proper construction of an administrative rule. We construe administrative rules in the same manner as statutes since they have the force and effect of statutes. *State Office of Risk Mgmt. v. Lawton*, No. 08-0363, 2009 Tex. LEXIS 629, at *6 (Tex. Aug. 28, 2009); *Rodriguez v. Service Lloyds Ins. Co.*, 997 S.W.2d 248, 254 (Tex. 1999). Unless the rule is ambiguous, we follow the rule's clear language. *Rodriguez*,

---

[3] Apollo did not appeal the Division's dismissal orders that were based on lack of timely filing.

The claims at issue in this appeal were filed between February 27, 2003 and November 1, 2004. We cite the statutes and rules as they then existed unless otherwise indicated.

4

997 S.W.2d at 254. Our primary objective in interpreting a rule is to give effect to the agency's intent. *Id.* We defer to an agency's interpretation of its own rule unless it is inconsistent with the rule or is plainly erroneous. *Rodriguez*, 997 S.W.2d at 255; *Public Utility Comm'n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 207 (Tex. 1991); *ASAP Paging Inc. v. Public Utility Comm'n*, 213 S.W.3d 380, 394 (Tex. App.—Austin 2006, pet. denied).

## DISCUSSION

In its sole issue on appeal, Texas Mutual asserts that the trial court erred when it determined that Apollo was a proper party to the Division fee disputes. We review this decision de novo. *Texas Mun. Power Agency*, 253 S.W.3d at 192. Texas Mutual advances two main theories in support of its argument. First, it argues that the Division properly dismissed the fee disputes because the Division's interpretation of its own rule was not contrary to the statute or the rule itself, nor was it plainly erroneous. Second, it urges that even if rule 133.307(b)(1) allowed Apollo to participate in fee disputes, Apollo would lack standing to do so because there is no "underpaid health care provider" as required under section 413.031(a)(1) of the labor code. Because we agree with Texas Mutual's first theory, we need not address the second.

Apollo does not assert that the Division exceeded its statutory authority when it originally promulgated the rules in question, but does challenge the Division's current interpretation barring Apollo from the fee-dispute process. Therefore, we will assume the rules are valid on their face, and will analyze the Division's interpretation of the rules, giving deference to the Division's interpretation if it is not inconsistent with the statute or the rule, nor plainly erroneous. *Rodriguez*, 997 S.W.2d at 254-55.

In dismissing Apollo's fee disputes, the Division concluded that rule 133.307(b)(1), which defines who may be a party to a fee dispute, is an exclusive list of parties and thus prohibits Apollo from participating because it is not one of the parties listed.[4] *See* 28 Tex. Admin. Code § 133.307(b)(1) (2002). The plain language of rule 133.307(b)(1) limits the parties in a dispute over a "medical bill" to the "health care provider . . . and the insurance carrier." *Id.* The rule gives the Division power to dismiss a fee dispute if an "individual or entity requesting medical fee dispute resolution is not a proper party to the dispute per subsection (b) of this section." *Id.* § 133.307(m). Apollo admits that it is not a healthcare provider as that term is defined in the labor code. *See* Tex. Lab. Code § 401.011(22).

Apollo's main argument is that, as a contractual assignee of rights belonging to healthcare providers, it stands in the shoes of those providers for all legal purposes, including bringing fee-dispute claims before the Division. Texas Mutual asserts that the labor code expressly prohibits such assignments, or in the alternative, that the labor code and the rules promulgated by the Division trump the common-law doctrine of assignment in the context of a systematic regulatory scheme for providing healthcare to injured workers designed to supplant the common law.[5] We need

---

[4] In its dismissal order, the Division also noted that rule 134.801(g) allows a billing agent, as defined in the rule, to submit bills on behalf of a healthcare provider, and noted that Apollo did not qualify as a billing agent. *See* 28 Tex. Admin. Code § 133.308(g) (2002), *repealed and re-enacted by* 31 Tex. Reg. 10314 (2006). The Division further noted that even if Apollo did qualify as a billing agent, it was still barred from participating in fee disputes because rule 133.307 does not grant "party" status to a billing agent. Because Apollo does not claim to be a billing agent as that term is defined in the rule, we need not address this issue.

[5] We note that the legislature, effective September 1, 2005, amended the labor code to require the Division to adopt rules to allow agents and assignees of pharmacies to process claims and act on behalf of pharmacies in medical fee disputes. Act of June 1, 2005, 79th Leg., R.S., ch. 265, § 3.234, 2005 Tex Gen. Laws 469, 549 (codified at Tex. Lab. Code § 413.0111). Accordingly,

not reach the assignability issue, however, because we conclude that rule 133.307, as interpreted by the Division, prohibits Apollo from participating in fee disputes regardless of whether the labor code allows assignments—common law or otherwise—of a healthcare provider's statutory right to reimbursement for services provided to injured workers.

Assuming for the sake of argument that the labor code does not prohibit common-law assignments of such statutory reimbursement rights, and that Apollo is a valid assignee of the rights at issue in this case, we conclude that the Division was still within its authority to limit the participants in a fee dispute over medical bills to the insurer and the healthcare provider, to the exclusion of an assignee.

First, the Division's interpretation of rule 133.307 is not inconsistent with the relevant statute. Texas Labor Code section 413.031, entitled "Medical Dispute Resolution," states in pertinent part that "a party, including a health care provider, is entitled to a review of a medical service provided . . . if a health care provider is . . . denied payment or paid a reduced amount for the medical service rendered." Tex. Lab. Code § 413.031(a)(1). Other than the statute's reference to a healthcare provider, it is silent with respect to who must be a party or who may not be a party. The statutory language, therefore, merely sets a floor for the rulemakers at the Division. The statute requires that in all medical dispute resolution proceedings the healthcare provider must be allowed to participate. Therefore, in crafting a rule that, on its face, limits the parties to a fee dispute over medical bills to a healthcare provider and an insurance carrier, the Division acted within its broad statutory authority to promulgate rules to implement and enforce the workers' compensation act.

_____

Apollo's argument is relevant only to the time period at issue in this appeal.

7

*See* Tex. Lab. Code Ann. § 402.061 (West 2006) (Division's statutory authority to promulgate rules).

The Division's plain-meaning interpretation of the rule is not inconsistent with the statute.

Second, the Division's interpretation of rule 133.307 is not inconsistent with the rule itself, nor is it plainly erroneous. *See ASAP Paging Inc.*, 213 S.W.3d at 394. The rule states, in pertinent part:

> (b) Parties. The following persons may be requestors and respondents in medical fee disputes:
>
>> (1) The health care provider (provider) and the insurance carrier (carrier) in a dispute of a medical bill.

28 Tex. Admin. Code § 133.307(b)(1) (2002). Concluding that Apollo was not a proper party, the Division's dismissal order states:

> Regarding this particular type of dispute, Commission Rule 133.307(b)(1) specifically states that a party to a medical fee dispute is the 'health care provider (provider) and the insurance carrier (carrier). . .'
>
> In these disputes, Apollo is a separate and distinct entity from the pharmacies that provide the prescriptions to the injured workers. The pharmacies provided the prescriptions and Apollo acted in some other role, subject to various contractual arrangements. The term 'health care provider' is defined in Rule 133.1(a)(9) as someone who has 'provided or rendered' health care. . . . In this situation, Apollo did not render any health care and cannot be deemed to be a health care provider under the definition in the Texas Labor Code and Commission Rules.

Apollo admits that it is not a healthcare provider. Apollo simply disputes the Division's interpretation of rule 133.307(b)(1), which results in the exclusion from the fee-dispute process of *assignees* of healthcare providers.

8

The Division's interpretation of rule 133.307 limits the participation in fee disputes to the parties expressly listed in the rule. That interpretation is not inconsistent with a plain-meaning reading of the rule as it is written; on its face, the rule can be read to limit the parties to a medical-fee dispute to those listed.

Apollo argues that rule 133.307 must be read in the context of the common-law principle that an assignee stands in the shoes of an assignor, and thus the Division's interpretation of its own rule is plainly erroneous because it fails to acknowledge that—at least for purposes of the law of assignment—Apollo *is* the healthcare provider. Assuming without deciding that the labor code permits assignments of this type, and assuming that Apollo has a valid assignment in this case, we are still not persuaded by Apollo's argument. One of the Division's core legislative mandates is to "achieve effective medical cost control" for the workers' compensation system. Tex. Lab. Code § 413.011(d), (f)(1). The Division could reasonably have concluded that allowing an assignee of the relevant healthcare provider to participate directly in the fee-dispute process would increase system-wide costs, thereby frustrating the legislative mandate.

There is evidence of this cost-consciousness in the Texas Register from the enactment of related rule 134.801, which prohibited "the practice whereby one entity pays a reduced fee to the health care provider that provided the treatment(s) and/or service(s), then bills the workers' compensation insurance carrier a higher fee." 25 Tex. Reg. 2140, 42 (Mar. 10, 2000). Rule 133.801 permits only billing agents who remit 100% of their collections to a healthcare provider to bill within the system. *Id.* The Division concluded that companies that pay a reduced fee to healthcare providers and bill the system at a higher rate "increase[] costs to the system without adding value

9

to the system." *Id.* Texas Mutual claims that Apollo's business model is exactly the type of business that the Division was attempting to prohibit; Apollo disputes this.

In its brief and at oral argument, Apollo downplayed the significance of the quoted Texas Register language—first, because it was published in reference to a related rule and not rule 133.307, and, second, because it supposedly does not apply to assignees, which Apollo claims to be. We agree that the language is not directly applicable to rule 133.307 but find it persuasive evidence that the Division's interpretation of rule 133.307 has a reasonable basis, since it appears that the Division, by interpreting the plain language of rule 133.307 as it did, sought to further its legislative mandate to reduce system-wide costs. Requiring the healthcare provider to be a party to a fee dispute appears to have been, at least in part, an effort to reduce the cost and effort necessary to acquire information about "usual and customary charges." Obtaining that evidence could be expensive and burdensome if the healthcare provider no longer had a financial incentive to participate in the fee-dispute process, as would be the case if the provider sold its reimbursement rights to a third party. *See* 28 Tex. Admin. Code 134.503(a)(1) (one of possible amounts of reimbursement is provider's usual and customary charge for same or similar service). In any event, we need not speculate as to what the Division's motivation was, because after concluding that the Division's interpretation of its own rule is not contrary to statute, nor contrary to the plain meaning of the rule, nor plainly erroneous, we defer to the Division's interpretation. *Rodriguez*, 997 S.W.2d at 254-55.

Finally, Apollo contends that our holding in this case would lead to absurd results. *See National Plan Adm'rs, Inc. v. National Health Ins. Co.*, 235 S.W.3d 695, 701 (Tex. 2007) (court

10

should not construe statute to lead to absurd results if more reasonable construction exists). It suggests that if every fee dispute required the healthcare provider to participate, then the door would be shut to fee disputes in many common cases for the successors and assignees of healthcare providers' claims. In addition, Apollo suggests that pharmacies would find it more difficult to get credit if part of their accounts receivable was potentially unenforceable by a creditor in the event of default because that creditor could not bring a fee-dispute claim under rule 133.307. This, Apollo claims, would discourage healthcare providers from participating in the system. While the Division's construction of its rule might cause tension in some cases, they are merely hypothetical situations, none of which are presented in this case. In the vast majority of cases, such as when one pharmacy buys another, a healthcare provider would still exist and could bring a fee-dispute claim. In its drafting and interpretation of rule 133.307, the Division was authorized to balance the competing factors of controlling increasing medical costs system-wide with encouraging ease of access to providers for injured workers.

## CONCLUSION

The Division's interpretation of rule 133.307 is neither inconsistent with the statute nor the rule itself, nor is it plainly erroneous. Accordingly, we give deference to the Division's interpretation of its own rule and hold that, under rule 133.307, the Division did not err in concluding that Apollo was not a proper party to the Division's fee-dispute resolution process. We reverse the trial court's judgment with respect to the dismissal orders challenged by Apollo and render judgment affirming the Division's medical fee dispute resolution orders dismissing Apollo Enterprises, Inc. on the ground that it was not a proper party.

11

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Reversed and Rendered

Filed:   October 29, 2009

12