

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-151-CV

VICTOR MCKOY                                                         APPELLANT

V.

CITY OF FORT WORTH, TEXAS                                              APPELLEE

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In two issues in this Texas Workers' Compensation Act case, Appellant Victor McKoy asserts that the trial court erred by granting Appellee City of Fort Worth's motion for summary judgment and concluding that once the City

------------

[1] *See* Tex. R. App. P. 47.4.

accepted that McKoy had incurred a compensable injury, the waiver provisions of labor code section 409.021 were inapplicable. We affirm.

## II. Factual and Procedural History

This case arises out of a claim filed by McKoy, a City employee who was initially diagnosed with a work-related sprained right knee. The City received written notice of the injury on November 23, 2005, which meant that under section 409.021(c) of the labor code, the City had sixty days, or until January 23, 2006, to contest the compensability of the injury; otherwise it would waive the right to contest compensability. The City accepted McKoy's knee injury as compensable and initiated benefit payments to McKoy on December 7, 2005.

On December 20, 2005, McKoy underwent an MRI, which revealed a Baker's cyst, grade III–IV chondromalacia, and bursitis, all involving the sprained right knee. The City received the MRI results on January 20, 2006, and contested these three new diagnoses ten days later, or seven days after the sixty-day period had expired.

Throughout the administrative hearings on the claim, the City argued that once it accepted McKoy's original knee injury as compensable and timely initiated payment of income benefits, it was no longer subject to the sixty-day waiver provision of section 409.021(c) for the newly-diagnosed knee problems. McKoy, on the other hand, asserted that the City had a continuing duty to

2

investigate the claim and to deny these newly-found conditions during the sixty-day investigation period, or it waived its right to contest them. At the conclusion of the contested case hearing, the hearing officer found the following:

1. The grade III–IV chondromalacia, Baker's cyst, and bursitis did not arise out of or naturally flow from the compensable injury.

2. The City, through a reasonable investigation, could have determined within sixty days after November 23, 2005, that the Baker's cyst and bursitis were part of the claimed injury.

3. The City did not receive notice that the claimed injury included the grade III-IV chondromalacia within the sixty-day period.

The hearing officer's pertinent conclusions of law were as follows:

1. The City waived the right to contest the Baker's cyst and bursitis by not timely contesting that diagnosis in accordance with sections 409.021 and 409.022 of the Texas Labor Code.

2. The City did not waive the right to contest the right knee grade III–IV chondromalacia by not timely contesting those diagnoses in accordance with sections 409.021 and 409.022 of the Texas Labor Code.

3. The compensable injury of November 18, 2005, does extend to include the Baker's cyst and bursitis since the City waived the right to contest those diagnoses.

4. The compensable injury of November 18, 2005, does not extend to include right knee grade III–IV chondromalacia.

On December 3, 2007, the appeals panel affirmed the hearing officer's findings and conclusions. The City filed suit in district court, asking the court

3

to set aside the appeals panel's final decision. In response, McKoy asked the trial court to affirm the appeals panel's decision and requested attorney's fees.

One month into the suit, the City filed a motion for summary judgment, arguing that section 409.021 of the labor code, including the waiver subsection, does not apply to an accepted claim because article 28, section 124.3(e) of the administrative code states that section 409.021 does not apply to disputes over the extent of an injury. Hence, because the additional injuries of bursitis and the Baker's cyst were disputes over the extent of the knee injury, the sixty-day waiver period did not apply. McKoy countered that those additional conditions became compensable by virtue of waiver by the City because it could have reasonably discovered the additional conditions within the sixty-day waiver period and they were not contested within that period. He asserted that the medical documentation for both the Baker's cyst and bursitis was available to the City before the sixty-day period had expired.

In a faxed ruling dated March 13, 2009, the trial court stated, "I am going to support the position of the Plaintiff [the City of Fort Worth]. I do not see how the law could be written to preclude an employer from stopping unwarranted benefits because of a waiver." The trial court subsequently entered an order granting the City's motion for summary judgment, and this appeal followed.

4

## III. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Sw. Elec. Power Co.,* 73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Questions of law are appropriate matters for summary judgment. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999).

## IV. Statutory Provisions

Three statutory provisions and their application are at issue in this case: section 409.021(c) of the labor code and sections 124.3 and 133.240(a) of the administrative code. Section 409.021(c) states:

If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability. The initiation of payments by the insurance carrier does not affect the right of the insurance carrier to continue to investigate or deny the compensability of an injury during the 60-day period.

Tex. Lab. Code Ann. § 409.021(c) (Vernon 2006). The pertinent administrative code provisions are set out below:

(b) Except as provided by subsection (c), the carrier waives the right to contest compensability of or liability for the injury, if it does not contest compensability on or before the 60th day after the date on which the insurance carrier receives written notice of the injury.

. . .

(e) Texas Labor Code, § 409.021 and subsection (a) of this section do not apply to disputes of extent of injury. If a carrier receives a medical bill that involves treatment(s) or service(s) that the carrier believes is not related to the compensable injury, the carrier shall file a notice of dispute of extent of injury (notice of dispute).

28 Tex. Admin. Code § 124.3(b), (e) (Vernon 2004).

An insurance carrier shall take final action after conducting bill review on a complete medical bill, or determine to audit the medical bill in accordance with § 133.230 of this chapter (relating to Insurance Carrier Audit of a Medical Bill), not later than the 45th day after the date the insurance carrier received a complete medical bill.

*Id.* § 133.240(a) (Vernon 2006).

## V. Analysis

McKoy relies primarily on three cases to support the following argument:

6

Since the City of Fort Worth, Self-Insured, had notice of McKoy's conditions of baker's cyst and bursitis in the knee within the 60-day waiver period and did not contest the compensability of these conditions within the 60-day period, the City of Fort Worth waived the right to contest compensability of these conditions and they are compensable as a matter of law. It does not matter that the cause of the injury may be outside the course and scope of employment because causation is no longer in dispute when the carrier waives the right to dispute the compensability.

Those three cases are *State Office of Risk Management v. Lawton*, 256 S.W.3d 436 (Tex. App.—Waco 2008, pet. granted); *Sanders v. American Protection Insurance Co.*, 260 S.W.3d 682 (Tex. App.—Dallas 2008, no pet.); and *Federal Insurance Co. v. Ruiz*, 124 S.W.3d 705 (Tex. App.—Austin 2003, pet. denied).

The supreme court granted the petition for review in *Lawton* and has issued its opinion. *See State Office of Risk Mgmt. v. Lawton*, No. 08-0363, 2009 WL 2667360, at *1 (Tex. Aug. 26, 2009). It is a "spotted dog" or "white horse" case.[2] The question before the supreme court was "whether the

---

[2]... That is, as our sister court has phrased it:

[A]round the turn of the century, a Texas law firm had a case in which a white horse owned by the client's taxi service reared in the street, causing an elderly woman to fall and injure herself. The partner handling the case asked a young associate to find a case on point. The associate came back several hours later with a case involving an elderly lady who had fallen in the street after a taxi company's black horse had reared in front of her. When the associate took this case to the partner, the partner said, "Nice try, son. Now go find me a white horse case."

7

sixty-day period for challenging compensability of an injury also applies to a dispute over the extent of injury, if the basis for that dispute could have been discovered by a reasonable investigation within the waiver period." *Id.*

In *Lawton*, the State Office of Risk Management (SORM) received notice that Lawton had received a knee injury. *Id.* Twenty days later an MRI revealed a degenerative condition of the knee for which, three months later, an orthopedic surgeon recommended surgery. The following month, a peer review physician reported that the recommended surgery was related to the degenerative condition and not to the July injury. SORM then disputed the extent of the compensable injury and refused to pay benefits for "any pre-existing degenerative joint disease." *Id*. at \*2. At the contested case hearing, the hearing officer held that SORM could have discovered the extent of Lawton's claimed injury, that is, the degenerative condition, had it conducted a reasonable investigation within the sixty-day period and that because it had not, it had waived its right to dispute the claim. An appeals panel, and later the court of appeals, upheld this holding. In reversing the court of appeals, the supreme court observed that

---

*Hilland v. Arnold*, 856 S.W.2d 240, 242 n.1 (Tex. App.—Texarkana 1993, no writ).

[n]owhere in the text of the rule, the statute, or the Texas Register is there a suggestion that a carrier waives the right to challenge the extent of an injury if the extent of that claim was reasonably discoverable within the period for determining compensability . . . . Here, SORM agreed that Lawton's injury was compensable. When it later disputed the extent of that injury, it was governed by the deadline applicable to such disputes, not the sixty-day deadline governing compensability. A carrier has up to forty-five days from the date it receives a complete medical bill to dispute whether that treatment was necessary.

*Id.* at *3. The court therefore reversed the court of appeals's decision in *Lawton* and specifically overruled *Ruiz* and *Sanders*, the other two cases relied upon by McKoy.

That said, the City had forty-five days from the time it received further medical documentation on January 23, 2006,[3] related to further problems with McKoy's knee, to contest the extent of McKoy's injuries. Because the City acted seven days later, well within this forty-five-day period, it did not waive the right to contest the extent of the injury, and the City's motion for summary judgment was therefore properly granted.

---

[3] McKoy also asserts that the City's representatives had actual knowledge of the contents of his medical documentation on or before January 23, 2006, including a report from a December MRI and a January 9, 2006 doctor's report that concluded that McKoy's diagnosis included prepatellar bursitis. But even if the forty-five-day deadline began to run on January 9, the City still would have made its objection within the forty-five-day period.

## VI. Conclusion

Having overruled McKoy's issues, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL: DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED: November 25, 2009