Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-09-00401-CV

**TEXAS MUTUAL INSURANCE COMPANY**,
Appellant

v.

Sarah **OCHOA**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2006-CVQ-002143
Honorable Jose  A. Lopez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:      Karen Angelini, Justice
              Sandee Bryan Marion, Justice
              Steven C. Hilbig, Justice

Delivered and Filed:  July 21, 2010

REVERSED AND REMANDED

Texas Mutual Insurance Co. appeals the trial court's grant of summary judgment in favor

of Sarah Ochoa. We reverse and remand.

### BACKGROUND

On April 5, 2005, Sarah Ochoa slipped and fell backwards in the course and scope of her

employment, hitting her head on a steel cabinet, bouncing off a box, and landing on her buttocks.

She filed a workers' compensation claim with the Division of Workers' Compensation ("the

Division"). In response to her claim, Texas Mutual, the workers' compensation carrier for her employer, accepted that as a result of her fall, Ochoa had a compensable, work-related lumbar sprain/strain injury and other minor injuries. On July 27, 2005, Ochoa notified Texas Mutual that she was including as part of her claim extensive conditions in her lumbar spine. Texas Mutual asked Ochoa to sign a release for her medical records, and on September 15, 2005, Texas Mutual received her medical records. The records showed a pre-existing "low back disc pathology." On October 10, 2005, Texas Mutual disputed the lumbar disc pathology as "an ordinary disease of life." In response, Ochoa claimed that Texas Mutual had not timely contested her injury.

After the parties could not resolve their differences at a benefit review conference, the case proceeded to a contested case hearing on the following three disputed issues:

> 1. Does [Ochoa]'s compensable injury of April 5, 2005, extend to and include L2-3 moderate central canal stenosis with mild narrowing of the right neuro-foramen; L3-4 severe canal stenosis with moderate narrowing of the right and mild narrowing of the left neuro-foramen; L4-5 level grade II spondylolisthesis with severe central canal stenosis, severe, narrowing of the left with moderate narrowing of the right neuro-foramen; and/or L5-S1 broad based sub-ligamentous disc herniation with facet joint arthrosis as well as mild bilateral foraminal narrowing?
>
> 2. Did [Ochoa] have disability, and if so, for what period(s)?[1]
>
> 3. Has [Texas Mutual] waived the right to contest compensability of the claimed injury by not timely contesting the injury in accordance with Texas Labor Code, Sections 409.021 and 409.022?

In his decision and order, the hearing officer found that Ochoa had established "no more than a sprain/strain injury superimposed on extensive pre-existing degenerative conditions." The hearing officer explained that Ochoa's "theory of an aggravation injury of the magnitude claimed

---

[1] "Disability" means "the inability because of a compensable injury to obtain and retain employment at wages equivalent to the preinjury wage." TEX. LABOR CODE ANN. § 401.011(16) (Vernon Supp. 2009). Under the Labor Code, a worker will not be paid income benefits for an injury unless the injury results in disability for at least one week. *See* TEX. LABOR CODE ANN. § 408.082(a) (Vernon 2006).

was based on the straightforward notion that before the fall she was very active, but after the fall she was extremely symptomatic." According to the hearing officer, while "[t]his argument has at least superficial appeal," "[i]t ultimately fails because the claimed pathology is so extensive, and inherent within it are obviously ordinary diseases of life (e.g., spondylolisthesis)." The hearing officer explained that "[i]t was not established which, if any, of the conditions was the pain generator." "Nor did she establish any actual physiologic worsening of these underlying conditions." Thus, the hearing officer found that Ochoa established nothing more than a sprain/strain injury.

The hearing officer then considered whether Texas Mutual had waived its right to dispute the extent of injury. The hearing officer found that because Texas Mutual "had in its possession within 60 days of first written notice of this claim information that lumbar disc pathology was part of [Ochoa's claim] and because [Texas Mutual] would have discovered the MRI within 60 days if there had been a reasonable investigation of the facts of this claim, it waived the right to contest compensability of the pathology listed in the issue statement." The hearing officer then considered disability, noting that Ochoa said "she worked as long as she could, but the required standing and walking caused her pain to increase to the point she could no longer work in this job." Thus, the hearing officer found that Ochoa's testimony established disability for the period claimed.

The hearing officer listed the following findings of facts in its decision and order:

. . .

3. [Ochoa] fell in the course and scope of employment on April 5, 2005, and sustained a lumbar sprain injury.

4. [Ochoa] has pre-existing L2-3 moderate central canal stenosis with mild narrowing of the right neuro-foramen; L3-4 severe canal stenosis with moderate narrowing of the right and mild narrowing

of the left neuro-foramen; L4-5 level grade II spondylolisthesis with severe central canal stenosis, severe, narrowing of the left with moderate narrowing of the right neuro-foramen; and L5-S1 broad based sub-ligamentous disc herniation with facet joint arthrosis as well as mild bilateral foraminal narrowing, which are all ordinary diseases of life neither caused nor aggravated by her work-related injury of April 5, 2005.

5. [Texas Mutual] first received written notice of this claim no later than July 27, 2005.

6. Within 60 days of July 27, 2005, the Claimant had Dr. Sued's records, which included diagnoses of lumbar disc pathology.

7. [Ochoa] had a lumbar MRI procedure on April 19, 2005, which found L2-3 moderate central canal stenosis with mild narrowing of the right neuro-foramen; L3-4 severe canal stenosis with moderate narrowing of the right and mild narrowing of the left neuro-foramen; L4-5 level grade II spondylolisthesis with severe central canal stenosis, severe, narrowing of the left with moderate narrowing of the right neuro-foramen; and L5-S1 broad based sub-ligamentous disc herniation with facet joint arthrosis as well as mild bilateral foraminal narrowing.

8. [Texas Mutual] should have discovered the report of [Ochoa]'s lumbar MRI within 60 days of first written notice of this injury.

9. [Texas Mutual] first disputed the claimed lumbar pathology on October 10, 2005.

10. As a result of her injury of April 5, 2005, [Ochoa] was unable to obtain and retain employment at wages equivalent to her preinjury average weekly wage beginning July 28, 2005, through the date of the contested case hearing.

The hearing officer then listed the following conclusions of law:

...

3. [Ochoa] sustained a compensable injury on April 5, 2005.

4. By virtue of [Texas Mutual's] waiver, [Ochoa]'s compensable injury of April 5, 2005, does extend to and include L2-3 moderate central canal stenosis with mild narrowing of the right neuro-foramen; L3-4 severe canal stenosis with moderate narrowing of the right and mild narrowing of the left neuro-foramen; L4-5 level

grade II spondylolisthesis with severe central canal stenosis, severe, narrowing of the left with moderate narrowing of the right neuro-foramen; and L5-S1 broad based sub-ligamentous disc herniation with facet joint arthrosis as well as mild bilateral foraminal narrowing.

5. [Texas Mutual] waived the right to dispute [Ochoa]'s L2-3 moderate central canal stenosis with mild narrowing of the right neuro-foramen; L3-4 severe canal stenosis with moderate narrowing of the right and mild narrowing of the left neuro-foramen; L4-5 level grade II spondylolisthesis with severe central canal stenosis, severe, narrowing of the left with moderate narrowing of the right neuro-foramen; and L5-S1 broad based sub-ligamentous disc herniation with facet joint arthrosis as well as mild bilateral foraminal narrowing, thereby making these conditions compensable as a matter of law.

6. [Ochoa] had disability beginning July 28, 2005, and continuing through the date of the contested case hearing.

The hearing officer then ordered Texas Mutual to pay benefits to Ochoa. Texas Mutual appealed the hearing officer's decision to the Division's Appeals Panel. The Appeals Panel adopted the hearing officer's decision as its own.

Having exhausted its administrative remedies, Texas Mutual filed an original petition in state district court, stating that it was appealing the Division's findings that it had waived its right to dispute the extent of Ochoa's injury and that therefore all of her degenerative conditions were compensable. Ochoa did not appeal any issue from the Division's decision and order, but did file a counterclaim for attorney's fees.

On July 25, 2008, Ochoa filed a no-evidence motion for summary judgment. On July 31, 2008, Texas Mutual filed its own traditional and no-evidence motion for summary judgment, arguing that as a matter of law the sixty-day waiver rule in section 409.021 of the Texas Labor Code did not apply to extent-of-injury disputes. Trial was originally set for September 22, 2008. The parties then agreed to a revised schedule extending the trial date to January 26, 2009, and

extending the deadline to file motions for summary judgment to November 24, 2008. Before the parties had agreed to this revised schedule, a hearing on Ochoa's and Texas Mutual's summary judgment motions had been set for September 4, 2008. Texas Mutual's counsel believed that this hearing would be cancelled; when it was not cancelled, Texas Mutual filed a motion for continuance and a response to Ochoa's no-evidence motion for summary judgment, arguing that the sixty-day waiver rule did not apply as a matter of law. At the September 4, 2008, hearing, Texas Mutual passed on its motion for summary judgment and urged the trial court to continue Ochoa's no-evidence motion for summary judgment. Ochoa's attorney then stipulated that Ochoa would waive any objections to the timeliness of Texas Mutual's response if the court denied Texas Mutual's motion for continuance. The trial court denied the motion for continuance, and after hearing arguments of counsel, granted Ochoa's no-evidence motion for summary judgment.

Ochoa then sought recovery on her counterclaim for attorney's fees, and on April 8, 2009, the trial court signed an order awarding Ochoa attorney's fees. Texas Mutual then brought this appeal.

## DISCUSSION

Texas Mutual argues that the trial court erred in granting Ochoa's no-evidence motion for summary judgment because the sixty-day waiver rule in section 409.021 of the Texas Labor Code does not apply to extent-of-injury disputes as a matter of law. Indeed, since the time the trial court granted Ochoa's no-evidence motion for summary judgment, the Texas Supreme Court has held that the sixty-day waiver rule in section 409.021 does not apply to extent-of-injury disputes. *See State Office of Risk Mgmt. v. Lawton*, 295 S.W.3d 646, 649-50 (Tex. 2009).

Ochoa does not dispute that according to *Lawton*, 295 S.W.3d at 649-50, section 409.021's sixty-day waiver rule does not apply to this case. Nevertheless, Ochoa argues that we must affirm the trial court's summary judgment because as the party appealing the Division's decision, Texas Mutual had the burden to show (1) the sixty-day waiver rule did not apply; and (2) Ochoa's lumbar sprain did not extend to her back problems related to canal stenosis, spondylolisthesis, and disc herniation. Ochoa argues that because Texas Mutual, in its response to Ochoa's no-evidence motion for summary judgment, did not raise a fact issue with regard to whether Ochoa's lumbar sprain extended to her back problems related to canal stenosis, spondylolisthesis, and disc herniation, we must affirm the summary judgment on that ground. We disagree.

Section 410.303 of the Texas Labor Code provides that "[t]he party appealing the decision *on an issue* described in Section 410.301(a) has the burden of proof by a preponderance of the evidence." TEX. LABOR CODE ANN. § 410.303 (Vernon 2006) (emphasis added). The Division's decision and order clearly sets out three separate issues. The first issue dealt with the sixty-day waiver rule. The second issue considered whether Ochoa had disability and if so, for what period(s). And, the third issue considered whether Ochoa's compensable injury extended to and included her back problems related to canal stenosis, spondylolisthesis, and disc herniation. In its decision and order, the Division clearly found that (1) Texas Mutual has waived its right to dispute extent-of-injury under the sixty-day waiver rule; (2) Ochoa's injury did not extend to and include her back problems related to canal stenosis, spondylolisthesis, and disc herniation; and (3) Ochoa had disability beginning on July 28, 2005, and continuing through the date of the contested case hearing. The Division then concluded that *by virtue of Texas Mutual's waiver*,

Ochoa's compensable injury extended to and included her back problems related to canal stenosis, spondylolisthesis, and disc herniation.

Texas Mutual appealed the Division's decision *on the waiver issue*. Ochoa did not appeal the Division's decision on any issue. Thus, the issue in the trial court to be determined as a result of Texas Mutual's appeal was whether the sixty-day waiver rule applied to extent-of-injury disputes. *See* TEX. LABOR CODE ANN. § 410.302(b) (Vernon 2006) ("A trial under this subchapter is *limited to issues* decided by the appeals panel and on which judicial review is sought. The pleadings must specifically set forth the determinations of the appeals panel by which the party is aggrieved.") (emphasis added). Texas Mutual did not appeal the Division's finding that Ochoa's injury did not extend to and include her back problems related to canal stenosis, spondylolisthesis, and disc herniation – the Division had decided that issue in its favor. And, because neither party appealed the Division's decision on that issue, that issue became final and binding. *See* TEX. LABOR CODE ANN. §§ 410.169, 410.302(b) (Vernon 2006); *see also TIG Premier Ins. Co. v. Pemberton*, 127 S.W.3d 270, 276 (Tex. App.—Waco 2003, pet. denied) (holding sixty-day waiver rule did not apply and rendering judgment in favor of insurance carrier, explaining that in a case where the Division found no causal relationship between worker's fall and his injury but that the carrier had waived its right to dispute, the worker forfeited any complaint regarding the Division's no causal relationship finding by failing to appeal the issue); *Lopez v. Zenith Ins. Co.*, 229 S.W.3d 775, 778-79 (Tex. App.—Eastland 2007, pet. denied) (explaining that a hearing officer's findings on an issue are binding if not appealed); *Krueger v. Atascosa County*, 155 S.W.3d 614, 619 (Tex. App.—San Antonio 2004, no pet.) (empathizing "with the position of an unrepresented claimant who receives an award of benefits, along with an adverse ruling on a related issue, and must determine how to protect that award on

appeal," but holding that such claimant must appeal the adverse finding to the Division's appeals panel to exhaust his administrative remedies). Thus, Texas Mutual's burden in the trial court was to show that Ochoa's injury was not compensable by virtue of the sixty-day waiver rule. It did not have the burden to show that Ochoa's injury did not extend to and include her back problems related to canal stenosis, spondylolisthesis, and disc herniation, as it had not appealed the decision on that issue. And, as the sixty-day waiver issue was the only issue to be decided, the trial court's summary judgment must be reversed.[2]

Ochoa next argues that if we reverse the trial court's summary judgment, we should not render judgment in favor of Texas Mutual. "Where cross-motions for summary judgment exist on an issue absent factual dispute, we may render the judgment the lower court[] should have rendered." *Myrad Props., Inc. v. LaSalle Bank Nat'l Assoc.*, 300 S.W.3d 746, 753 (Tex. 2009). Ochoa argues that this rule should not apply because Texas Mutual passed the hearing on its motion for summary judgment. Thus, Ochoa argues that Texas Mutual's motion was never heard or denied by the trial court. In response, Texas Mutual argues that its motion for summary judgment was on file and was implicitly denied by the trial court's grant of Ochoa's no-evidence summary judgment.

In some cases, a ruling can be implied. *See* TEX. R. APP. P. 33.1(a)(2)(A). Here, Ochoa's no-evidence motion for summary judgment argued that Texas Mutual could not show that the sixty-day waiver rule did not apply. Texas Mutual's motion for summary judgment argued that the sixty-day waiver rule did not apply to this case. In its response to Ochoa's no-evidence

---

[2] We are reversing the entire judgment, including the award of attorney's fees to Ochoa's attorney, because Ochoa, having lost this appeal, is not a prevailing party. Thus, Texas Mutual is not required to pay Ochoa's attorney's fees. *See* TEX. LAB. CODE ANN. § 408.221 (Vernon 2006). We note that Ochoa claims she is a prevailing party on the issue of disability and thus entitled to an award of attorney's fees. However, the disability finding that Ochoa was disabled from July 28, 2005, until August 28, 2006, clearly related to the waiver issue; thus, she is not a prevailing party.

motion for summary judgment, Texas Mutual argued that the sixty-day waiver rule did not apply to this case. At the hearing on Ochoa's no-evidence motion for summary judgment, Texas Mutual argued that the sixty-day waiver rule did not apply to this case. Thus, in granting Ochoa's no-evidence motion for summary judgment, the trial court rejected Texas Mutual's argument that the sixty-day waiver rule did not apply. We, therefore, hold the trial court implicitly denied Texas Mutual's motion for summary judgment. *See Frank's Int'l, Inc. v. Smith Int'l, Inc.*, 249 S.W.3d 557, 559 n.2 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that trial court had implicitly denied one party's motion for summary judgment by granting another party's motion for summary judgment because both motions concerned the same issue and the ruling in the one party's favor necessarily denied the other party's motion on the same issue); *see also Gary E. Patterson & Assocs. v. Holub*, 264 S.W.3d 180, 189 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (same).

Accordingly, as the Texas Supreme Court did in *Lawton*, 295 S.W.3d at 650, we reverse the trial court's judgment, render judgment that Texas Mutual did not waive the right to contest the extent of Ochoa's injury by not disputing the extent of that injury within the initial sixty-day period, and remand this case to the trial court for further proceedings consistent with this opinion.

Karen Angelini, Justice